UNITED STATES DISTRICT FOURT **FILED**

DISTRICT OF CONNECTICUT

2004 FEB -3 A II: 43

U.S. DISTRICT COURT
HARTFORD, CT.

THADDEUS TAYLOR            :

                             :           PRISONER

      v.                  :     Case No. 3:02cv229(DJS)(TPS)

                             :

JOHN ROWLAND, et al.       :

## RULING ON MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

The plaintiff, Thaddeus Taylor ("Taylor"), brings this civil rights action pro se pursuant to 28 U.S.C. § 1915.  He challenges various conditions of confinement within the protective custody unit at the Cheshire Correctional Institution and other aspects of his incarceration from 1994 through October 2002.  Taylor has filed two motions for preliminary injunctive relief.  For the reasons that follow, Taylor's motions are denied.

I. Standard of Review

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'"  Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)).  In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity."  Vorbeck v. McNeal, 407 F. Supp. 733, 739 (E.D. Mo.), aff'd, 426 U.S. 943 (1976).

In this circuit the standard for injunctive relief is well

established.  To warrant preliminary injunctive relief, the

moving party "must demonstrate (1) that it will be irreparably

harmed in the absence of an injunction, and (2) either (a) a

likelihood of success on the merits or (b) sufficiently serious

questions going to the merits of the case to make them a fair

ground for litigation, and a balance of hardships tipping

decidedly in its favor."  Brewer v. West Irondequoit Central Sch.

Dist., 212 F.3d 738, 743-44 (2d Cir. 2000).  Where the moving

party seeks a mandatory injunction, i.e., injunctive relief which

changes the parties' positions rather than maintains the status

quo, or the injunction requested "will provide substantially all

the relief sought, and that relief cannot be undone even if the

defendant prevails at a trial on the merits," the moving party

must make a stronger showing of entitlement.  Brewer, 212 F.3d at

744 (internal quotation marks and citation omitted).  A mandatory

injunction "should issue only upon a clear showing that the

moving party is entitled to the relief requested" or where

"extreme or very serious damage will result from a denial of

preliminary relief."  Abdul Wali v. Coughlin, 754 F.2d 1015, 1025

(2d Cir. 1985)(citations omitted).

    Although a showing that irreparable injury will be suffered

before a decision on the merits may be reached is insufficient by

itself to require the granting of a preliminary injunction, it is

nevertheless the most significant condition which must be

demonstrated.   See Citibank, N.A. v. Citytrust, 756 F.2d 273, 275

(2d Cir. 1985).   To demonstrate irreparable harm, plaintiff must

show an "'injury that is neither remote nor speculative, but

actual and imminent and that cannot be remedied by an award of

monetary damages.'"   Forest City Daly Housing, Inc. v. Town of

North Hempstead, 175 F.3d 144, 153 (2d Cir. 1999) (quoting

Rodriguez v. DeBuono, 162 F.3d 56, 61 (2d Cir. 1998)).

Although a hearing is generally required on a properly

supported motion for preliminary injunction, oral argument and

testimony are not required in all cases.   See Drywall Tapers &

Pointers Local 1974 v. Local 530, 954 F.2d 69, 76-77 (2d Cir.

1992).   Where, as here, "the record before a district court

permits it to conclude that there is no factual dispute which

must be resolved by an evidentiary hearing, a preliminary

injunction may be granted or denied without hearing oral

testimony."   7 James W. Moore, et al., Moore's Federal Practice

¶ 65.04[3] (2d ed. 1995).   Upon review of the record, the court

determines that oral testimony and argument are not necessary in

this case.

II. Discussion

In the first motion for preliminary injunctive relief Taylor

asks the court to order that he be provided access to his legal

case files within 48 hours of any request and seven legal phone

calls per month.   In addition, he asks that correctional staff

stop harassing him for filing this lawsuit.  In the second
motion, Taylor asks the court to prevent the Department of
Correction from implementing its plan to reorganize the
protective custody unit at Cheshire Correctional Institution by
separating the inmates housed there into violent and non-violent
subgroups.  Taylor contends that this classification was done as
harassment for past legal actions filed by protective custody
inmates and has resulted in reduced privileges and opportunities
for recreation and other out-of-cell activities for the violent
inmate subgroup, of which he is a member.

Defendants argue that Taylor's motions must be denied
because he no longer is confined in the protective custody unit
at Cheshire Correctional Institution.  Taylor also has filed an
affidavit indicating that he was transferred to the
Corrigan/Radgowski Correctional Institution on December 8, 2003.

The Second Circuit has held that requests for injunctive
relief become moot when an inmate is released or transferred to a
different correctional facility.  See Mawhinney v. Henderson, 542
F.2d 1, 2 (2d Cir. 1976).  See also Martin-Trigona v. Shiff, 702
F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or
controversy is that the relief sought can no longer be given or
is no longer needed").  Because Taylor no longer is confined at
the Cheshire Correctional Institution his challenges to the
classification of inmates in the protective custody unit at

4

Cheshire Correctional Institution, denial of sufficient legal phone calls or access to his legal materials, or harassment by correctional staff at Cheshire Correctional Institution are now moot. Thus, Taylor's motions for preliminary injunctive relief are denied as moot.

In addition, even if the claims were not moot, they should be denied. Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. See id.; see also Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (reversing district court's granting of motion for preliminary injunctive relief because injury sought to be prevented through preliminary injunction was unrelated and contrary to injury which gave rise to complaint).

The issues in this case concern events occurring prior to October 22, 2002, the date Taylor filed his amended complaint. The reclassification of inmates housed in the protective custody unit did not occur until November 2003. Thus, the second motion for preliminary injunctive relief is unrelated to the issues in

5

the amended complaint and is not proper in this action.  Further, any claim that, currently, Taylor lacks a sufficient number of legal phone calls per month to contact attorneys representing him in other lawsuits is unrelated to this action.

In addition, to the extent that Taylor is challenging his classification as a violent protective custody inmate, his claim is not cognizable.  The Supreme Court has held that federal prisoners have no protected interest in their classification that would invoke due process protections, because Congress has given federal prison officials full discretion to determine prisoner classifications.  Moody v. Daggett, 429 U.S. 78, 99 n.9 (1976).  Similarly, where state prison officials are given complete discretion in determining inmate classifications, state prisoners do not have any constitutionally or federally protected right to a particular classification.  See Madewell v. Roberts, 909 F.2d 1203, 1207 (8th Cir. 1990) (no due process issue in class status of prisoner where prisoner failed to point out any state statute, regulation or policy statement that limited prison officials' discretion in classifying prisoner).

As this district has previously found, the improper classification of inmates in the custody of the Connecticut Department of Correction does not give rise to a civil rights action.  See Green v. Armstrong, No. 3:96cv1127(AVC)(TPS), slip op. at 10 (D. Conn. Feb. 25, 1998), aff'd, No. 98-3707 (Aug. 20,

1999) (summary order).   In Green, the district court noted that

the state courts have found no state-created liberty interest in

proper classification.   Id. at 10 (citing Santiago v.

Commissioner of Correction, 39 Conn. App. 674, 680, 667 A.2d 304,

307 (1995), for the proposition that improper classification does

not deprive inmates of any legally recognized liberty interest).

See Wheway v. Warden, 215 Conn. 418, 430-32 (1990) (holding that

Commissioner of Correction retains discretion to classify

prisoners to any security level and prison classification

programs do not create any liberty interest or any constitutional

entitlement to due process); Miller v. Warden, No. CV 000598372,

2000 WL 1258429, at *1 (Conn. Super. Ct. July 21, 2000) ("The

Connecticut case of Wheway v. Warden, 215 Conn. 418, 430-31

(1990), established in Connecticut that an inmate has no liberty

interest in a particular security classification.").

     Thus, Connecticut inmates have no state or federally created

liberty interest in their classification.   See Allen v.

Armstrong, No. 3:98cv668(PCD), slip. op. at 2 (D. Conn. Sept. 15,

2000) (holding that the due process clause affords prisoners no

protection from erroneous classifications); Nieves v. Coggeshall,

No. 3:96cv1799 DJS, 2000 WL 340749, at *5 (D. Conn. Jan. 31,

2000) (holding that inmate has no protected liberty interest in

his classification); United States v. Harmon, 999 F. Supp. 467,

469-70 (W.D.N.Y. 1998) (holding that federal inmate has no

liberty interest in any particular classification).    See also

Pugliese v. Nelson, 617 F.2d 916, 923-24 & nn. 5, 6 (2d Cir.

1980) (no due process liberty interest in avoiding prisoner

classification that delayed or precluded participation in

institutional programs).

Because Taylor has no protected liberty interest in his

classification, he has not demonstrated a likelihood of success

on the merits of any challenge to this purported classification.

Thus, his motion for preliminary injunctive relief challenging

the reorganization of the protective custody unit would be

denied.

Further, Taylor argues that correctional staff has

retaliated against him for filing lawsuits.   To state a claim for

retaliation, Taylor must allege facts demonstrating "first, that

he engaged in constitutionally protected conduct and, second,

that the conduct was a substantial or motivating factor for the

adverse actions taken by prison officials."   Bennett v. Goord,

343 F.3d 133, 137 (2d Cir. 2003).   Because of the "ease with

which claims of retaliation may be fabricated," however, the

court "examines prisoners' claims of retaliation with skepticism

and particular care."   Colon v. Coughlin, 58 F.3d 865, 872 (2d

Cir. 1995).   "[A] complaint which alleges retaliation in wholly

conclusory terms may safely be dismissed on the pleadings alone."

Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983).

Taylor alleges no facts in his motions for preliminary injunctive relief suggesting that the defendants have retaliated against him for filing lawsuits.  In each motion he assumes that the actions must have been taken to harass him for this or prior lawsuits.  Taylor's surmise is insufficient to support an award of preliminary injunctive relief.  Thus, even if the request were not moot, the motion would be denied.

III. Conclusion

Taylor's Motions for Preliminary Injunction [**docs. ## 54, 57**] are **DENIED**.

**SO ORDERED** in Hartford, Connecticut, this 2nd day of February, 2004.

Dominic J. Squatrito
United States District Judge

9