UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT  **FILED**

2004 APR 30 P 3: 20

U.S. DISTRICT COURT
HARTFORD, CT.

THADDEUS TAYLOR          :
                         :          PRISONER
        v.               :    Case No.  3:02cv229(DJS)(TPS)
                         :
JOHN ROWLAND, et al.     :


RULING AND ORDER

        Defendants seek an extension of time, until May 7, 2004, to respond to plaintiff's March 31, 2004 Motion to Compel. Defendants' motion [**doc. #70**] is **GRANTED**.  In addition, defendants are directed to respond to plaintiff's motion [doc. #73], dated April 25, 2004, seeking a court order permitting him to communicate directly with four inmates confined at Cheshire Correctional Institution.

        Plaintiff has filed a motion seeking to extend the discovery period by ninety days.  Plaintiff's motion [**doc. #71**] is **DENIED** without prejudice as premature.  When the court issues it's ruling on the pending motion to compel, it will determine an appropriate period within which discovery should be concluded.

        Finally, plaintiff has filed another motion to compel [doc. #72], dated April 25, 2004.  Rule 37, D. Conn. L. Civ. R., provides in relevant part:

> No motion pursuant to Rules 26 through 37,
> Fed. R. Civ. P., shall be filed unless counsel
> making the motion has conferred with opposing
> counsel and discussed the discovery issues
> between them in detail in a good faith effort
> to eliminate or reduce the area of
> controversy, and to arrive at a mutually
> satisfactory resolution.

The purpose of this rule is to encourage the parties to make a good faith effort to resolve the dispute without the intervention of the court.  See Getschmann v. James River Paper Co., Inc., Civil 5:92cv163 (WWE), slip op. at 2 (D. Conn. January 14, 1993) (court should not "become unnecessarily involved in disputes that can and should be resolved by the parties").  In addition, Rule 37 requires that any discovery motion be accompanied by a memorandum of law "contain[ing] a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed...."

Plaintiff's motion fails to comply with either requirement. Thus, his motion [**doc. #72**] is **DENIED** without prejudice.

**SO ORDERED.**

Entered in Hartford, Connecticut, this 30th day of April, 2004.

Thomas P. Smith
United States Magistrate Judge

2