UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THADDEUS TAYLOR | : | PRISONER<br>CIVIL NO. 3:02CV229 (DJS)(TPS) |
| v. | : | |
| JOHN ROWLAND, ET AL. | : | MAY 25, 2004 |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

**Background**

This civil rights action by Mr. Taylor alleges that the defendants have, on numerous occasions, retaliated against him for exercising his constitution rights and have discriminated against him on account of his race. More specifically, he alleges defendant Armstrong had criminal charges brought against him; that various defendants had him transferred to various Department of Correction facilities for filing lawsuits and grievances; that he has been denied access to the courts; conspired to cover up his being assaulted by correctional officers; destroyed evidence relating to his convictions and being assaulted; retaliating against his filing lawsuits and grievances by sending him to federal custody; raised his classification in retaliation; had his mail and legal mail delayed, destroyed or returned to the sender; incorrectly calculated his release dates; deprived him of good time credits, 7-day job credits; subjected him to extraordinary cell searches at Cheshire Correctional Institution, disciplinary measures, and cell movements; confiscated reading materials without justification; denied him rehabilitation programs, vocational training, educational training as a warehoused protective custody inmate; denied him addiction services and psychological services being provided other inmates; retaliated against the

plaintiff by filing false affidavits in his criminal proceedings; deliberately lost, destroyed or misfiled his grievances at Cheshire Correctional Institution; denied medical care for his spinal cord, back and arm injuries; and denied recommendations for parole and halfway houses.

The defendants are John Rowland, John Armstrong, Hector Rodriguez, Fred Levesque, Lynn Milling, Major Hall, Rick Bartholomew, Captain Muniz, Joseph O'Keefe, Counselor Jeffrey Clark, Linda Osborne, Captain Holmes and Assistant Attorney General Steven Strom.

**Argument**

Class certification is governed by Rule 23, Fed.R.Civ.P. Specifically, Rule 23(a) identifies four prerequisites which must be met before a class action can be certified.

> One or more members of a class may sue or be sued as representatives parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

The party seeking to certify a class bears the burden of demonstrating that the requirements of Rule 23 have been met. Eisen v. Carlisle & Jacquelin, 417 U.S. 156 (1974). In addition, the Second Circuit has held that class certification is properly denied where the prospective relief requested would benefit all members of the proposed class to the extent that class certification would provide no additional benefit. Davis v. Smith, 607 F.2d 535, 540 (2d Cir. 1978). For example, class certification is not necessary in an action seeking declaratory and injunctive relief against state officials on the ground that a statute or administrative practice is unconstitutional. Galvan v. Levine, 490 F.2d 1255, 1261 (2d Cir. 1973), cert. denied, 417 U.S. 936 (1974).

In this case, the plaintiff states that the proposed class consists of approximately 600 inmates confined in the protective custody unit at the Cheshire Correctional Institution and contends that the class is too numerous to make joinder of all members practicable. He also contends that the issues in his case are common to the class.

Rule 23(a)(4) requires that the representative parties adequately and fairly represent the interests of the class. "Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action." Caputo v. Fauver, 800 F.Supp. 168, 170 (D.N.J. 1992), aff'd, 995 F.2d 216 (3d Cir. 1993). See, e.g., Davidson v. Coughlin, 920 F.Supp. 305, 311 (N.D.N.Y. 1996); Avery v. Powell, 695 F.Supp. 632 (D.N.H. 1988) (pro se plaintiff may not have knowledge and experience to protect interests of a class). The plaintiffs concede that they cannot represent the interests of the proposed class unless the court appoints counsel for the class.

Furthermore, in addition to the prerequisites in Rule 23(a), Rule 23(b)(3) requires that "[common] questions of law or fact … predominate over any questions affecting only individual members." The Supreme Court has strictly interpreted this predominance requirement, stating that it is much more demanding that the commonality requirement of Rule 23(a)(3). Amchem Products, Inc. v. Windsor, ___ U.S. ___, 117 S.Ct. 2231, 2251 (1997). In Amchem, the Court affirmed a decision to decertify a class of asbestos claimants that had been certified by the district court for settlement purposes only. The Court stated that classes in which calculation of damages and liability would affect individual plaintiffs in different ways are inappropriate for class action treatment. Id.

Courts have also denied class certification in cases concerning prisoner issues. In Klein v. DuPage County, 119 F.R.D. 29, 31 (N.D. Ill. 1988), the district court denied class certification in a case challenging strip searches of inmates. The court held that an individual factual determination might be required to determine the constitutionality of each separate search and that the damages incurred by each inmate would "necessitate particularized and fact-specific inquiries." Id. The numerous factual considerations involved in each individual determination made the case inappropriate for treatment as a class action. Similarly, challenges to the denial of parole are unsuited to class treatment. LoCiero v. Day, 518 F.2d 783, 785 (6th Cir. 1975).

In this case, it is also unlikely that the 600 inmates are similarly situated in terms of their program and educational needs nor are many likely to be former correctional officers who present different security concerns.

Plaintiff's motion should be denied.

> DEFENDANTS
> John Rowland, et al.
>
> RICHARD BLUMENTHAL
> ATTORNEY GENERAL
>
> BY:_____
>   Michael J. Lanoue
>   Assistant Attorney General
>   110 Sherman Street
>   Hartford, CT  06105
>   Federal Bar #ct05195
>   E-Mail: madeline.melchionne@po.state.ct.us
>   Tel: (860) 808-5450
>   Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 25th day of May 2004:

Thaddeus Taylor #237855
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

_____
Michael J. Lanoue
Assistant Attorney General