UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THADDEUS TAYLOR | : | CIVIL NO. 3:02CV229 (DJS) (TPS) |
| v. | : | |
| JOHN ROWLAND, ET AL. | : | JUNE 15, 2004 |

**MEMORANDUM IN SUPPORT OF THE DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**BACKGROUND**

Plaintiff's complaint challenges virtually his entire incarceration at the Cheshire Correctional Institution as well as other events both as an inmate and as a correctional officer. He now brings a motion for a court order "to take the plaintiff to UCONN for medical treatment". Plaintiff alleges that on April 17, 2003, he was given x-rays which indicated "some" medical condition at C5-6 of his spinal cord and defendants have refused to provide him with any medical care to correct this condition.

A review of plaintiff's medical records was conducted by Health Services Administrator Richard Bush on June 16, 2004. This report (copy attached) indicates that the plaintiff's medical records reveal that a Diagnostic Radiology Report, dated April 16, 2003, found "[c]ervical, thoracic, and lumbar spine demonstrate no fracture or dislocation. There is mild degenerative joint disease of cervical spine at C5-6." Plaintiff's records further indicate he complained of lower back pain on February 24, 2004, and Motrin was prescribed on February 26, 2004 and renewed for six months on April 29, 2004. Plaintiff was issued a bottom bunk pass on May 19, 2004. He has not signed up for sick call or requested further medical treatment.

## ARGUMENT

## STANDARD FOR INJUNCTIVE RELIEF[1]

On June 25, 1996, the United States Supreme Court issued a significant decision in a class action prisoner case challenging alleged denial of access to court. Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). This opinion admonishes district court judges once again to avoid getting involved in the day-to-day running of the state's prison systems. 116 S.Ct. at 2185. Turner v. Safley, 482 U.S. 78 (1987).

The Supreme Court has long held that injunctive relief is an "extraordinary remedy" that should not issue as a matter of course or to restrain acts whose injurious consequences are "merely trifling." Weinberger v. Romero-Barcelo, 456 U.S. 305, 311-312 (1982) (quoting Consolidated Canal Co. v. Mesa Canal Co., 177 U.S. 296, 302 (1900)). Instead, an injunction "should issue only where the intervention of a court equity 'is essential in order effectually to protect … rights against injuries otherwise irremediable.'" Id., at 312 (quoting Cavanaugh v. Looney, 248 U.S. 453, 456 (1919)). According to the Court, "the principles of equity … militate heavily against the grant of an injunction except in the most extraordinary circumstances." Rizzo v. Goode, 423 U.S. 362, 379 (1976).

When a plaintiff seeks permanent injunctive relief from an alleged constitutional violation, he must first establish the fact of the violation. Rizzo v. Goode, 423 U.S. at 477; Newman v. State of Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982), cert. denied, 460 U.S. 1083 (1983). If the plaintiff successfully makes such a showing, he must then demonstrate both a

---

[1] The standard for injunctive relief under 42 U.S.C. § 1983 for prisoner cases such as the instant action has been clarified by the Prisoner Litigation Reform Act (PLRA). This

continuing irreparable injury if the injunction does not issue, and the lack of an adequate remedy at law.  New York State National Organization For Women v. Terry, 886 F.2d 1339, 1362 (2d Cir. 1989), cert. denied, 460 U.S. 1083 (1983). "Only when that dual burden has been satisfied should the court grant injunctive relief, but even then the relief granted should be no broader than necessary to cure defendants' unconstitutional conduct."  Rosenberg v. Meese, 622 F. Supp. 1451, 1476 (S.D.N.Y. 1985); Kendrick v. Bland, 740 F.2d 432, 437 (6th Cir. 1984); see also PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

Under the PLRA, no injunction may issue unless it is "narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."  18 U.S.C. § 3626(a)(1)(A) as amended by the PLRA (April 26, 1996).  Plaintiff simply has no immediate irreparable injury in this case.  To the extent plaintiff alleges he suffered a past constitutional injury, which defendants deny, there is an available remedy for money damages.  Moreover, plaintiff's claimed relief is not narrowly drawn, extends into the area of correctional expertise and discretion which is solely the jurisdiction of the Commissioner, i.e., how to properly treat the plaintiff medically, and fails to set forth sufficient facts to give plaintiff standing to raise any cognizable federal claim.

In order to establish irreparable injury, "there must be some actual, viable, presently-existing threat of serious harm – one that is not remote or speculative."  City of New York v. Angelbrook Ltd. Partnership, 891 F. Supp. 908, 925 (S.D.N.Y.), aff'd, 58 F.2d 35 (2d Cir. 1995). The fact that the plaintiff has allegedly suffered injury in the past is not sufficient.  "Absent a threat of continuing or future injury, a permanent injunction is unwarranted."  Jade Aircraft

---

case is governed by the provisions of the PLRA, Pub. L. No. 104-134, 110 Stat. 1321

3

Sales, Inc. v. City of Bridgeport, 849 F. Supp. 10, 12 (D. Conn. 1994), citing O'Shea v. Littleton, 414 U.S. 488, 495-496 (1974) ("[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief … if unaccompanied by any continuing, present adverse effects."). Finally, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). "The restraints of federalism must be applied not only when an injunction is sought against the judicial branch of state government, but also when an injunction is urged 'against those in charge of an executive branch of any agency of state and local government [].'" Kendrick v. Bland, 740 F.2d 432, 437 (6th Cir. 1984) (quoting Rizzo v. Goode, 423 U.S. 362, 380 (1976)). In such cases, "federal courts must be constantly mindful of the 'special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law.'" Rizzo v. Goode, supra, quoting Stefanelli v. Minard, 342 U.S. 117, 120 (1951); see also Turner v. Safley, 482 U.S. 78, 84-85 (1987); PLRA (April 26, 1996); Casey v. Lewis, 116 S.Ct. at 2185-86.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Corp, 638 F.2d 568, 569 (2d Cir. 1981); quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977). In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity." Vorbeck v. McNeal, 407 F. Supp. 733, 739 (E.D. Mo.), aff'd, 426 U.S. 943 (1976).

---

(1996).

4

The same standard governs consideration of temporary restraining orders and preliminary injunctions. Local 1814, Int'l Longshoremen's Ass'n v. New York Shipping Ass'n., 965 F.2d 1224, 1228 (2d Cir. 1992). In this circuit the standard for injunctive relief is well established. The moving party "must show: (a) that it will suffer irreparable harm in the absence of an injunction and (b) either (i) a likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc., 60 F.3d 27, 33 (2d Cir. 1995). Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition which must be demonstrated. Citybank, N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir. 1985). To demonstrate irreparable harm, the plaintiff must show "'an injury that is either remote nor speculative, but actual and imminent' and that cannot be remedied by an award of monetary damages." Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 332 (2d Cir. 1995) (quoting Tucker v. Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989)).

**DELIBERATE INDIFFERENCE**

Deliberate indifference by prison officials to a prisoner's serious medical or mental health need constitutes cruel and unusual punishment in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prevail on such claim, however, the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference" to serious medical needs. Id., at 106. A prisoner must show intent to either deny or unreasonably delay access to needed medical or mental health care or the wanton infliction of unnecessary

5

pain by prison personnel. <u>Id.</u>, at 104-05. Mere negligence will not support a section 1983 claim; the conduct complained of must shock the conscience or constitute a barbarous act. <u>Hathaway v. Coughlin</u>, 99 F.3d 550, 553 (2d Cir. 1996); <u>Martinez v. Mancusi</u>, 443 F.2d 921, 923 (2d Cir. 1970).

"Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106. A treating physician will be liable under the Eighth Amendment only if his conduct is "repugnant to the conscience of mankind." <u>Estelle</u>, 429 U.S. at 105-06. Inmates do not have a constitutional right to the treatment of their choice. <u>See</u> <u>Dean v. Coughlin</u>, 804 F.2d 207, 215 (2d Cir. 1986). Thus, mere disagreement with prison officials about what constitutes appropriate care does not state a claim cognizable under the Eighth Amendment. <u>Chance v. Armstrong</u>, 143 F.3d 698, 703 (2d Cir. 1998).

There are both subjective and objective components to the deliberate indifference standard. <u>Id.</u> At 702. "[T]he alleged deprivation must be, in objective terms, sufficient serious." <u>Id.</u> (internal quotations marks omitted). Thus, not all medical or mental health conditions satisfy this component of the standard. <u>See</u> <u>Id.</u> Rather, "[a] serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" <u>Harrison v. Barkley</u>, 219 F.3d 132, 136 (2d Cir. 2000) (quoting <u>Chance</u>, 143 F.3d at 702).

In addition to demonstrating a serious medical need to satisfy the objective component of the deliberate indifference standard, an inmate also must present evidence that, subjectively, the charged prison official acted with "a sufficiently culpable state of mind." <u>Chance</u>, 143 F.3d at 702. "An official acts with the requisite deliberate indifference when that official 'knows of an

6

disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

The plaintiff in this case has been x-rayed and determined to have "mild" degenerative joint disease at location C5-6 of his cervical spine. Such a condition does not constitute a serious medical need. However, assuming arguendo, such condition is a serious medical need, the plaintiff's condition clearly has not been ignored. He has been given Motrin and a bottom bunk pass. He has not been requesting further medical evaluation or treatment. The Court should instruct the plaintiff to file the appropriate requests for sick call and follow the normal correctional procedure for obtaining medical evaluation and treatment.

**CONCLUSION**

The plaintiff is receiving appropriate medical care and his motions for temporary and preliminary relief should be denied.

></br>
        DEFENDANTS
John Rowland, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:_____/s/_____
Michael J. Lanoue
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05195
E-Mail: michael.lanoue@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 18th day of June 2004:

Thaddeus Taylor #237855
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

_____/s/_____
Michael J. Lanoue
Assistant Attorney General