FILED
2004 JUN 21 P 5: 13
U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THADDEUS TAYLOR          :
                         :      PRISONER
     v.                  :      Case No. 3:02CV229(DJS)(TPS)
                         :
JOHN G. ROWLAND, et al.  :

## RULING AND ORDER

Plaintiff has filed a motion asking the court to certify this case as a class action. Defendants oppose the motion.

Class certification is governed by Rule 23, Fed. R. Civ. P. Specifically, Rule 23(a) identifies four prerequisites which must be met before a class action can be certified.

> One or more members of a class may sue or be sued as representatives parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

The party seeking to certify a class bears the burden of demonstrating that the requirements of Rule 23 have been met. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156 (1974). In addition, the Second Circuit has held that class certification is properly denied where the prospective relief requested would

benefit all members of the proposed class to the extent that class certification would provide no additional benefit. See Davis v. Smith, 607 F.2d 535, 540 (2d Cir. 1978). For example, class certification is not necessary in an action seeking declaratory and injunctive relief against state officials on the ground that a statute or administrative practice is unconstitutional. See Galvan v. Levine, 490 F.2d 1255, 1261, (2d Cir. 1973), cert. denied, 417 U.S. 936 (1974).

In support of his motion, plaintiff states that the total number of inmates confined in protective custody since he commenced this action is approximately 600. Thus, he argues that joinder of all members would be impracticable. He argues that all of the claims he raises are applicable to all other inmates housed in protective custody and, because he is a former correctional officer and has a paralegal certificate, he would adequately represent the class.

Although plaintiff contends that the claims he raises are common to all protective custody inmates, a review of the complaint reveals otherwise. In addition to challenging the conditions in the protective custody unit, Taylor asserts claims, *inter alia*, that the defendants transferred him to federal custody in retaliation for asserting legal claims against them, destroyed evidence relating to his criminal convictions, interfered with his legal mail, incorrectly calculated his

2

release date, deprived him of good time credit, improperly calculated his classification level, denied him medical treatment, denied him recommendations for parole or half-way house placement, and filed false affidavits in his criminal proceedings. These claims are unique to plaintiff.

In addition, as a former correctional officer, plaintiff is not representative of the inmates housed in the protective custody unit. Further, as a *pro se* litigant, plaintiff only can represent himself. See Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992) (holding that *pro se* prisoner cannot adequately represent interest of class of prisoners), aff'd, 995 F.2d 216 (2d Cir. 1993); see also Fed. R. Civ. P. 11(a) (requiring all papers to be signed by the party or an attorney).

The court concludes that plaintiff fails to satisfy the requirements for class certification. Thus, plaintiff's motion for class certification [**doc. #76**] is **DENIED**.

**SO ORDERED** this 21ST day of June, 2004, at Hartford, Connecticut.

　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　Dominic J. Squatrito
　　　　　　　　　　　　　　　United States District Judge