UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THADDEUS TAYLOR | : | PRISONER<br>CIVIL NO. 3:02CV229 (DJS)(TPS) |
| V. | : | |
| JOHN J. ARMSTRONG, ET AL. | : | AUGUST 17, 2004 |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO REOPEN

### BACKGROUND

The parties in this civil action reached an amicable settlement on June 20, 2004. As part of this settlement, the plaintiff promised to withdraw this action with prejudice. The plaintiff signed a Motion to Withdraw Action on June 30, 2004, and the Court granted his motion on July 15, 2004. On August 5, 2004, the plaintiff filed a "Motion to Reopen Case .. For Good Cause And Defendants Failure to Adhere to Agreement." The plaintiff claims the defendants have violated the provisions of the Settlement Agreement by: (1) failure to pay $2,000.00 within 30 days; and (2) violating a promise not to seek to obtain the funds paid in the Settlement Agreement "in any manner."

Reference is made to defendants' Motion objecting to plaintiff's motion to reopen for additional facts.

### ARGUMENT

Rule 60 of the Federal Rules of Civil Procedure allows the Court to relieve a party from a final judgment, order, or proceeding for reasons listed in the rule. The plaintiff in this case seeks relief from the Court's order granting his motion to withdraw this action with prejudice  The

motion to withdraw with prejudice was a provision agreed to by the plaintiff in a Settlement Agreement between the plaintiff and the defendants in this case.  As reason for his motion to reopen this case, the plaintiff represents the defendants have refused to honor two other provisions of the Agreement.  One, the plaintiff alleges that the defendants have attempted to "seek" the funds being paid pursuant to the agreement and that such action is prohibited by the Agreement.  The only prohibition in the Agreement, however, is as follows:

> 4.   The State of Connecticut, its officials, employees, agents and representatives shall not seek to recover costs of incarceration as provided in Conn. Gen. Stat. § 18-85a or as provided elsewhere under Connecticut law from the $2,000 paid to the plaintiff in accordance with this Agreement.

Nothing in the Settlement Agreement prohibits the State of Connecticut from seeking any funds from the plaintiff for a reason or reasons other than to be repaid for the costs of plaintiff's incarceration.  Nothing in this Agreement prohibits the State of Connecticut from exercising its legal rights in other cases brought by the plaintiff, except to any extent costs of incarceration are sought.  The State of Connecticut and its agents have not sought to have the plaintiff repay his costs of incarceration and the plaintiff offers no proof that the State has done so.  This "reason" by the plaintiff is without merit.

The plaintiff's second reason for reopening the case is plaintiff's claim that the State has not paid him the $2,000.00 agreed to in the settlement within 30 days. Nothing in the Agreement specifies the manner in which payment is to be made, but the plaintiff, who has been incarcerated for a significant period of time, knows that he is not allowed cash or checks on his person in prison. Within 30 days of the Agreement, the State of Connecticut mailed a check to the Warden of the Cheshire Correctional Institution, where the plaintiff is housed, requesting that said check

2

be deposited in plaintiff's account in accordance with standard correctional procedure. The defendants respectfully argue that they have complied with the terms of the Agreement.

The Settlement Agreement signed by the parties, the withdrawal of this action by the plaintiff with prejudice and without objection by the defendants, and the payment of $2,000.00 to the plaintiff, represents accord and satisfaction. The plaintiff may, of course, bring a State court contract action to enforce the Settlement Agreement if indeed he believes it has not been complied with by the State of Connecticut.

The plaintiff, for whatever reason, has decided he wants to renege on the Settlement Agreement. This Court should not allow the plaintiff to reopen this case which would relieve the plaintiff from his obligation to withdraw the instant action with prejudice.[1] Whether to grant relief under Rule 60(b) is left to the sound discretion of the trial court. See, e.g., Robb v. Norwalk & Western Ry. Co., 122 F.3d 354 (7th Cir. 1997). There is no valid reason to allow the plaintiff to renege on his Agreement.

---

[1] Moreover, even if the Court were to reopen the present civil action, the plaintiff has given the defendants a release of all claims against them in this case. See Settlement Agreement, para. 5.

3

          DEFENDANTS
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY_____/s/_____
   Michael J. Lanoue
   Assistant Attorney General
   110 Sherman Street
   Hartford, CT  06141-0120
   Tel: (860) 808-5450
   Fax: (860) 808-5591
   Federal Bar #ct05195

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 17th day of August 2004:

Thaddeus Taylor #237855
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410


_____/s/_____
Michael J. Lanoue
Assistant Attorney General