UNITED STATES DISTRICT COURT
DISTRICT OF Connecticut

Thaddeus Taylor,     :   Case No. 3:02CV229(DJS)
  Plaintiff

  v.                 :

John Armstrong, et al.  :   August 20, 2004
  Defendants

## PLAINTIFF'S REPLY TO DEF.S' OBJECTION TO PLAINTIFF'S MOTION TO REOPEN CASE

The Plaintiff Thaddeus Taylor, in the above captioned case respectfully files this "Reply" to the defendants' objection to the plaintiff's motion to "Reopen case" the instant matter for "good cause." At the outset, the Plaintiff respectfully submits that upon reopening this case — by order of this Honorable Court would automatically vacate any settlement agreement and the general release agreement — thereby allowing the parties to "fully and fairly" litigate the above captioned matter as to all claims.

The defendants in their 'objection' memo. attempts to argue that the Plaintiff have or is attempting to renege on the settlement agreement

Rather then accepting the fact, that it was the defendants that failed to "timely" comply to their end of the "Settlement agreement."

Moreover, the defendants have attempted to mislead this Honorable Court - claiming that Attorney Micheal Lanoue forgot that a W-2 form was also necessary to be filled out. The Plaintiff immediately returned this form to the defendants, thus this was no reason why the plaintiff did not receive the "Settlement Check" as was prescribed in the settlement agreement. What the defendants have failed to state to this Honorable Court that - the real reason why the Plaintiff's "Settlement Check" was not given to him -- was "Retaliation" by the defendants and their continued pattern of harassment of the Plaintiff. The Prison officials, who are also named defendants subsequently advised the Plaintiff that the "Settlement Check" was stolen, lost or misplaced at the facility. The Plaintiff believes this was done intentionally, however Attorney Micheal Lanoue, rather than requesting that the Commissioner of CT. Corrections immediately conduct a formal investigation into such misconducts, harassment

and/or Retaliatory acts... and make or request that the Plaintiff be given "Commissary credit"... until such time the problem was resolved... more importantly, So the Plaintiff could at least, purchased sufficient Legal envelopes, writing PAPER and Pens...as well as other items the Plaintiff immediately needed... to include Medical items... that are required to be 'purchase'... The defendants did nothing for over "3 weeks now." Todate, the Plaintiff have not received any money from the defendants with respect to this "settlement agreement." IF, the Parties didn't fully understand that the "timeliness" of the defendants ensuring the Plaintiff received this "Settlement check"... such language would not have been required to be put in the "Settlement agreement." The defendants have violated the terms of the "Settlement" clearly, and they have not corrected the problem in "a timely manner."

The "Settlement agreement" specifically required the defendants to pay to the "Plaintiff"... which means that... not give to the "Warden" or "the defendants" the money... Infact, All money orders, checks are not even processed at any CT-DOC facility, but rather only at "CENTRAL OFFICE" CT-DOC in Wethersfield, CT... Inmate Trust Fund Accounts are located. Thus, it is disingenious, for the defendants to make up some excuse for not adhering to the "agreement"

— 3 —

Likewise, it is also disingenious for the defendants to argue that they have not violated the provisions of the 'settlement agreement'... when they attempted to seek any costs, money from the Plaintiff whatsoever (Although, no money have been paid out, per se, the concept is which matters)... A motion for costs was filed in the instant matter, in which the Plaintiff filed his objection to (Albeit, Attorney Steven Strom, AAG does not have an appearance in this matter, but a named defendant.)

Moreover, the settlement agreement clearly is between the Plaintiff, the defendants <u>and</u> the "STATE of Connecticut"... thus, the "STATE of Connecticut" under the terms and agreement can not seek any costs, under any statute against the Plaintiff for any matter. The Plaintiff is Pro se, and expect that when Attorney's representing the STATE of Connecticut, make an agreement it is made in "good faith" and would be adhered to.

Because, the defendants have violated the terms of the 'settlement agreement', and because the Magistrate Judge have previously ordered a "grace period" to ensure the Plaintiff per se' was paid (Although, this Honorable Court subsequently immediately ordered the case closed)... this matter should be "reopened. (see Affidavit in support (Taylor))

Respectfully Submitted
Thaddeus Taylor Pro Se
Cheshire CI
900 Highland Ave
Cheshire CT 06410

Certificate of Service

I certify that a copy of this motion was mailed to Attorney Michael Lynore, Attorney General Office, 110 Sherman Street, Hartford, CT 06105 on this 20th day of August 2004, postage prepaid
Thaddeus Taylor Pro Se

— 4 —