# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Thaddeus Taylor : Civil No: 3:02CU229(DJS)

v. : 2004 AUG 27 P 4:51

John Rowland, et al : August 20, 2004

## AFFIDAVIT OF THADDEUS TAYLOR (Second)
### In support of Motion to Reopen Case

1. I am a U.S. Citizen, above the age of 18.

2. I understand and believe in the oath.

3. I'm the Pro Se Plaintiff in the above captioned matter.. I settled the above captioned matter after having several meetings with Attorney Micheal Lanoue on behalf of the State of Connecticut.. We agreed to and it was our 'good faith' understanding that (1) the State would not seek Cost of incarceration; (2) The State would not seek any costs, fees etc.. from the Plaintiff if he settled. The State has attempted to get money from the Plaintiff in violation of the settlement agreement.

4. The settlement agreement stated that the defendants would within 30 days provide the Plaintiff with a settlement check.. the Plaintiff todate have never received the money or the settlement check. Prison officials have stated they lost the settlement check or misplaced it.

5. I believe the defendants and Attorney Micheal Lanoue allowed the prison officials to lose, refuse to deposit, and deny such funds as a retaliatory measure.. because the Plaintiff opted not to accept another unrelated settlement offer by CT-DOC.

6. I have read the defendants objection to reopening this case and it misstates the policy and procedures in accepting money... if the money or 'settlement check' was mailed directly to me through Legal mail.. I would have signed it and

gave such to my counselor who would have immediately deposit such in my inmate account. All money transactions are sent to Wetherfield, CT "Central office" of CTDOC.. not at Cheshire CI.

7. The defendants have not corrected the problem and made sure the plaintiff received the money as was agreed upon... in a timely manner. As stated above... prison officials have advised the plaintiff they lost or someone "stole the plaintiff's settlement check while it was at Cheshire CI". Todate, nobody have attempted to timely provide me with my agreed upon settlement... regardless of any problem.

8. I was never provided, given or otherwise able to use the "settlement check", in that such was deposited in my inmate account.. todate August 20, 2004. The defendants have not corrected the problem nor made me whole for my losses. I have already been adversely affected as a result of this unusual "3 weeks" delay.

9. The settlement and general release were conditional on the settlement agreement terms... and the "magistrate judge" allowed time in which the matter may be reopened if any party files a motion to do so... for good cause.

10. My current inmate account balance as of August 20, 2004 is $0.00 Cheshire-CI Inmates Account.. I'm an indigent person.

I swear under penalty of perjury the above statements are true and correct. ///

Thaddeus Taylor Pro se
Thaddeus Taylor
Cheshire CI
900 Highland Ave
Cheshire, CT 06410

Certificate of Service

I certify that a copy of this motion was mailed to AAG Micheal Lanoue Attorney General office, 110 Sherman street, Hartford CT 06105 on this August 20, 2004, postage prepaid.

Thaddeus Taylor

-2-