UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

THADDEUS TAYLOR          :
                         :           PRISONER
     v.                  :     Case No. 3:02cv229(DJS)(TPS)
                         :
JOHN ROWLAND, et al.     :


RULING AND ORDER

Plaintiff has filed a motion to reopen this case and an objection to defendants' motion for security for costs.

A review of the court file reveals no motion for security for costs filed in this case. Accordingly, plaintiff's objection [doc. #92] is OVERRULED.

Plaintiff moves to reopen this case on the ground that defendants have not complied with two provisions of the settlement agreement entered in this case. Rule 60(b), Fed. R. Civ. P., identifies several reasons for which a party may be relieved from judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a

> prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff does not identify the subsection upon which he relies. He merely explains his reasons for vacating the settlement. The court assumes that the motion is based on subsection 3, misrepresentation.

First, plaintiff states that defendants have not delivered the agreed settlement amount. Defendants have attached to their opposition copies of a check, dated July 24, 2004, in the agreed upon amount of $2,000.00 and a letter to the warden of the facility in which plaintiff is incarcerated, dated July 29, 2004, asking that the check be deposited in plaintiff's inmate account. The check and letter both predate plaintiff's motion. In addition, defendants' attorney states that the check was not delivered sooner because plaintiff had to complete an additional form so the check could be processed. The court concludes that plaintiff's contention that defendants have failed to deliver the settlement amount are without merit.

Plaintiff also states that defendants have violated a provision of the settlement agreement precluding the Department of Correction or any employees thereof from seeking the settlement monies for any reason. Defendants have attached to their opposition a copy of the settlement agreement. The

2

agreement provides only that the Department of Correction will not seek the costs of incarceration from the settlement monies. It does not preclude the Department or any employees thereof from seeking other costs from plaintiff. Thus, this argument also is without merit.

Plaintiff's motion to reopen this case [doc. #90] is **DENIED**.

**SO ORDERED** in Hartford, Connecticut, this 31st day of August, 2004.

Dominic J. Squatrito
United States District Judge